**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BERNARD MCCORMACK, on behalf of himself and the class of all other similarly situated persons; et al., | No. 14-55337 |
| Plaintiffs - Appellees, | D.C. No. 2:05-cv-06735-CAS-MAN |
| And | |
| AMERICAN EQUITY INVESTMENT LIFE INSURANCE COMPANY, a corporation; et al., | MEMORANDUM[*] |
| Defendants - Appellees, | |
| v. | |
| HO VAN CAO, | |
| Objector - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted February 12, 2016[]
Pasadena, California

Before: KLEINFELD, McKEOWN, and IKUTA, Circuit Judges.

Ho Van Cao appeals as an objector to a class action settlement filed August 16, 2013, between a nationwide class of senior citizens and two companies, American Equity Investment Life Insurance Company and American Equity Investment Service Company. We have jurisdiction under 28 U.S.C. § 1291.

The district court did not abuse its discretion in awarding attorneys' fees and costs. The court considered the appropriate factors and made the necessary findings. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941–42 (9th Cir. 2011). In approving the award, the court reasonably relied on the fact that the amount was lower than the lodestar figure, which is presumptively reasonable, and noted the complex nature of the litigation, the skill and experience of the representation, and the excellent result for the class. *Id.*

The district court did not abuse its discretion in approving the settlement agreement. Again, it considered the appropriate factors and made the necessary findings. *See Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575–76 (9th Cir. 2004). Further, the court reasonably determined that the award was both

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

fair and adequate through balancing appropriate factors such as the complexity and likely duration of litigation, the realistic range of outcomes, the extent of discovery, and the overwhelmingly positive reaction of the class members to the proposed settlement. *Id.*

Cao did not argue before the district court that class notice was inadequate, or show "exceptional circumstances" justifying his failure to do so, and has thus "waived [his] right to present this issue for the first time on appeal." *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007).

Cao's action under 42 U.S.C. § 1983 is meritless because he has not alleged any deprivation of his rights under the Constitution or federal law that is "fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). In any event, he also waived such a claim by failing to raise it before the district court. To the extent Cao raises other arguments, he did not specifically and distinctly argue them in his opening brief, and therefore we will not address them. *See Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . ." (internal citation omitted)).

**AFFIRMED.**